# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| EDDIE PEREZ, | ) | 1:05-cv-0720-AWI-TAG HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATIONS |
| | ) | TO GRANT RESPONDENT'S MOTION TO |
| v. | ) | DISMISS  [Doc. 13] |
| | ) | |
| KATHY MENDOZA-POWERS, | ) | ORDER REQUIRING OBJECTIONS TO BE |
| | ) | FILED WITHIN TWENTY DAYS |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  The instant petition was filed in the United States District Court for the Central District of California, and on June 3, 2005, it was transferred to this Court.  (Doc. 5). On January 18, 2008, Respondent filed a motion to dismiss the petition for lack of exhaustion, and for procedural default.  (Doc. 13).

## DISCUSSION

A. Procedural Grounds for Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ."   The Ninth Circuit has referred to a respondent's motion to dismiss on the ground that the petitioner failed to exhaust state remedies as a request for the Court to dismiss under Rule 4 of the Rules Governing § 2254 Cases.  See e.g., O'Bremski v. Maass, 915 F.2d 418,

420 (1991); White v. Lewis, 874 F.2d 599, 602-603 (9th Cir. 1989); Hillery v. Pulley, 533 F.Supp. 1189, 1194, n.12 (E.D. Cal. 1982). Based on the Rules Governing Section 2254 Cases and case law, the Court will review Respondent's motion for dismissal pursuant to its authority under Rule 4.

B.  Exhaustion of State Remedies

A petitioner who is in state custody and wishes to collaterally challenge his conviction by a petition for writ of habeas corpus must exhaust state judicial remedies. 28 U.S.C. § 2254(b)(1). The exhaustion doctrine is based on comity to the state court and gives the state court the initial opportunity to correct the state's alleged constitutional deprivations. Coleman v. Thompson, 501 U.S. 722, 731, 111 S. Ct. 2546 (1991); Rose v. Lundy, 455 U.S. 509, 518, 102 S. Ct. 1198 (1982); Buffalo v. Sunn, 854 F.2d 1158, 1163 (9th Cir. 1988).

A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider each claim before presenting it to the federal court. Picard v. Connor, 404 U.S. 270, 276, 92 S. Ct. 509 (1971); Johnson v. Zenon, 88 F.3d 828, 829 (9th Cir. 1996). A federal court will find that the highest state court was given a full and fair opportunity to hear a claim if the petitioner has presented the highest state court with the claim's factual and legal basis. Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887 (1995)(legal basis); Kenney v. Tamayo-Reyes, 504 U.S. 1, 112 S.Ct. 1715, 1719 (1992) (factual basis), superceded by statute as stated in Williams v. Taylor, 529 U.S. 420, 432-434, 120 S. Ct. 1479 (2000) .

Additionally, the petitioner must have specifically told the state court that he was raising a federal constitutional claim. Duncan v. Henry, 513 U.S. at 365-366; Lyons v. Crawford, 232 F.3d 666, 669 (9th Cir.2000), amended, 247 F.3d 904 (2001); Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir.1999); Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir.1998). In Duncan, the United States Supreme Court reiterated the rule as follows:

> In Picard v. Connor, 404 U.S. 270, 275 . . . (1971), we said that exhaustion of state remedies requires that petitioners "fairly presen[t]" federal claims to the state courts in order to give the State the "opportunity to pass upon and correct alleged violations of the prisoners' federal rights" (some internal quotation marks omitted). If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution. If a habeas petitioner wishes to claim that an evidentiary ruling at a state court trial denied him the due process of law guaranteed by the Fourteenth Amendment, he must say so, not only

in federal court, but in state court.

Duncan, 513 U.S. at 365-366.  The Ninth Circuit examined the rule further, stating:

> Our rule is that a state prisoner has not "fairly presented" (and thus exhausted) his federal claims in state court *unless he specifically indicated to that court that those claims were based on federal law*. See Shumway v. Payne, 223 F.3d 982, 987-88 (9th Cir. 2000). Since the Supreme Court's decision in Duncan, this court has held that the *petitioner must make the federal basis of the claim explicit either by citing federal law or the decisions of federal courts, even if the federal basis is "self-evident*," Gatlin v. Madding, 189 F.3d 882, 889 (9th Cir. 1999) (citing Anderson v. Harless, 459 U.S. 4, 7 . . . (1982), or the underlying claim would be decided under state law on the same considerations that would control resolution of the claim on federal grounds. Hiivala v. Wood, 195 F3d 1098, 1106-07 (9th Cir. 1999); Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996); . . . .
> In Johnson, we explained that the petitioner must alert the state court to the fact that the relevant claim is a federal one without regard to how similar the state and federal standards for reviewing the claim may be or how obvious the violation of federal law is.

Lyons v. Crawford, 232 F.3d 666, 668-669 (9th Cir. 2000) (italics added).

In the instant petition, Petitioner alleges that in 1991, he was convicted of second degree murder and sentenced to fifteen years to life, that in 2004 he was denied parole, and that the parole board's decision to deny parole was not based on "some evidence" or else was based on improper evidence and should be reversed.  Respondent's motion to dismiss contends that Petitioner was unsuccessful in seeking review from the California Supreme Court and thus the petition is unexhausted, and Petitioner's claims must be dismissed as procedurally defaulted.  Petitioner contends that he filed a late petition for review and the California Supreme Court denied it, thus exhausting his claims.

At the outset, it is undisputed that Petitioner sought to file a petition for review in the California Supreme Court subsequent to the California Court of Appeal's denial of his state habeas petition challenging the parole board's decision.  The documents Petitioner has appended to his petition indicate that on March 21, 2005, the Clerk of the Supreme Court wrote Petitioner a letter acknowledging receipt of his petition for review on that date but indicating that the last date to timely file a petition for review was March 11, 2005, ten days earlier.  (Doc. 5, p. 56).  The Clerk of the Court explained to Petitioner that he would have to file an application for relief from default by March 31, 2005, explaining the reasons for failing to timely file his petition for review.  (Id.).

1       On April 14, 2005, the Clerk of the Supreme Court again wrote to Petitioner to indicate that
2  Petitioner's application for relief from default, which apparently had been filed on April 1, 2005, was
3  untimely by one day and was being returned to Petitioner, as was the petition for review itself.  (Doc.
4  5, p. 65).  The Clerk of the Court also indicated that, because of Petitioner's failure to timely file
5  either his petition for review or his application for relief from default, the Supreme Court lacked
6  jurisdiction to consider Petitioner's request for legal relief.  (Id.).

7       Although the Court agrees with Petitioner that his claims are exhausted, the Court agrees
8  with Respondent that the petition must be dismissed on the grounds of procedural default.

9       Exhaustion is satisfied "if it is clear that the claims are now procedurally barred under [state]
10 law."  Gray v. Netherland, 518 U.S. 152, 162, 116 S. Ct. 2074 (1996).  Petitioner's claims are now
11 procedurally barred because the California Supreme Court refused to address the claims in
12 Petitioner's petition for review on the grounds that it was filed late.

13      Although Petitioner's claims are now exhausted, the "procedural bar that gives rise to
14 exhaustion provides an independent and adequate state-law ground for the conviction and sentence,
15 and thus prevents federal habeas corpus review of the defaulted claim[s], unless the petitioner can
16 demonstrate cause and prejudice for the default."  Gray v. Netherland, 518 U.S. at 162.  Here,
17 Petitioner provides no explanation for the late filing of his petition for review and his application for
18 relief from default.  Because Petitioner has failed to show cause to excuse the procedural default on
19 his claims, this Court can properly dismiss the habeas petition.

## **RECOMMENDATIONS**

21      Accordingly, the Court RECOMMENDS that Respondent's motion to dismiss (Doc. 13), be
22 GRANTED and that the petition for writ of habeas corpus (Doc. 1) be DISMISSED.

23      These findings and recommendations are submitted to the United States District Judge
24 assigned to the case pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the
25 Local Rules of Practice for the United States District Court, Eastern District of California.  Within
26 twenty (20) days after being served with a copy of these findings and recommendations, any party
27 may file written objections with the Court and serve a copy on all parties.  Such a document should
28 be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the

1  objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after
2  service of the objections.  The District Judge will then review the Magistrate Judge's ruling pursuant
3  to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the
4  specified time may waive the right to appeal the District Judge's order.  <u>Martinez v. Ylst</u>, 951 F.2d
5  1153 (9th Cir. 1991).

8  IT IS SO ORDERED.
9  Dated:   **July 21, 2008**                                        **/s/ Theresa A. Goldner**
                                                                   UNITED STATES MAGISTRATE JUDGE

U.S. District Court
E. D. California
5